

# The Attorney General of Texas

November 9, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin. TX 78711
512/475-2501

701 Commerce. Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX 79905
915/533-3484

723 Main. Suite 610
Houston, TX 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX 79401
806/747-5238

4313 N. Tenth Suite F
McAllen, TX 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Rene A. Guerra
Criminal District Attorney Pro Tem
Hidalgo County Courthouse
Edinburg, Texas 78539

Opinion No. MW-80

Re: Compensation of the District Attorney Pro Tem of Hidalgo County.

Dear Mr. Guerra:

You inform us that you have been appointed to be district attorney pro tem for Hidalgo County pursuant to article 2.07 of the Code of Criminal Procedure. At the time of your appointment you were an assistant district attorney for Hidalgo County. You are presently receiving the same salary you earned as assistant district attorney and wish to know what compensation, if any, you should receive as district attorney pro tem. The situation arose when the district attorney was disqualified and your question involves the salary paid the district attorney pro tem during the period of disqualification. See V.T.C.S. art. 332d, § 10.

Article 2.07 of the Code of Criminal Procedure provides as follows:

(a) Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office, or in any instance where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state.

(b) If the appointed attorney is also an attorney for the state, the duties of the appointed office are additional duties of his present office, and he is not entitled to additional compensation.

(c) If the appointed attorney is not an attorney for the state, he is qualified to perform the duties of the office for the period of absence or disqualification of the attorney for the state on filing an oath with the

p. 243

clerk of the court.  He shall receive compensation in the same amount and manner as an attorney appointed to represent an indigent person.

(d) In this article, 'attorney for the state' means a county attorney, a district attorney, or a criminal district attorney.

An attorney for the state who is appointed district attorney pro tem is not entitled to additional compensation.  Sec. (b).  "Attorney for the state" is defined in section (d) as "a county attorney, a district attorney, or a criminal district attorney."  We do not believe an assistant district attorney is an attorney for the state within the meaning of section 2.07.  Other statutes distinguish between the district attorney and his assistants.  The district attorney is an elected official.  V.T.C.S. art. 326k-1, § 1.  The assistant district attorney is appointed by and subject to removal by the district attorney.  V.T.C.S. art. 332a, §§ 1 – 4.  The definition of "attorney for the state" applies to all of article 2.07 of the Code of Criminal Procedure.  If "attorney for the state" included assistants, then article 2.07 would permit the court to appoint an assistant district attorney pro tem.  The Court of Criminal Appeals has, however, stated that the predecessor of article 2.07 did not authorize the judge to appoint an assistant district attorney.  Locklin v. State, 75 S.W. 305 (Tex. Crim. App. 1903).  Construing article 2.07 to authorize the appointment of an assistant district attorney would also bring it into conflict with article 332a, V.T.C.S., which permits the prosecuting attorney to choose his own assistants.  We conclude that you should be compensated for your work as district attorney pro tem as provided in article 2.07(c).

You next ask whether the State of Texas or Hidalgo County is responsible for paying your compensation as district attorney pro tem.  Article 2.07 of the Code of Criminal Procedure provides for "compensation in the same amount and manner as an attorney appointed to represent an indigent person."  Article 26.05 of the Code of Criminal Procedure provides in part:

Section 1.  A counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing, shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held, according to the following schedule:
(a) For each day or a fractional part thereof in court representing the accused, a reasonable fee to be set by the court but in no event to be less than $50. . . .

Other sections provide minimum fees for each day in court on specific kinds of suits and for prosecuting appeals.  The statute requires the court to set a reasonable fee above a stated minimum, to be paid from the county general fund.  See Attorney General Opinion H-544 (1975).

Article 332b-1, V.T.C.S., governs the payment of the criminal district attorney in Hidalgo County. It lists a number of counties, including Hidalgo, and then states as follows:

> in all of which counties there is either the office of criminal district attorney or the office of county attorney performing the duties of a district attorney, the official performing such services shall be compensated for his services by the State. . . .

V.T.C.S. art. 332b-1 (emphasis added). In our opinion, the underlined language refers to either the criminal district attorney or the county attorney who performs his duties. It does not require the state to compensate other persons who perform the duties of a district attorney such as a district attorney pro tem, or an assistant district attorney who is authorized "to perform all duties imposed by law on the prosecuting attorney." V.T.C.S. art. 332a, § 3.

## SUMMARY

An assistant district attorney who is appointed district attorney pro tem should be compensated for his work in that capacity pursuant to article 2.07(c) and 26.05 of the Code of Criminal Procedure. His compensation comes from the county general fund.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid